McGREGOR W. SCOTT
United States Attorney
KIRK E. SHERRIFF (SBN 219488)
Asst. United States Attorney
U.S. Courthouse, Suite 4401
2500 Tulare St.
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for the
United States of America

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In the Matter of the Tax Indebtedness of: | No. 1:06-cv-00787 OWW DLB |
| DAVID J. EDWARDS | SUGGESTION TO CLOSE CASE; ORDER |
| Ex Parte UNITED STATES OF AMERICA, and DENNIS R. COLLINS, Revenue Officer | |
| Applicants for Order. | |

On June 20, 2006, this Court entered an Order Authorizing Entry Upon Premises to Effect Levy ("Order"), pursuant to 26 U.S.C. § 7402 and Local Rule 72-302(c)(8). Doc. 2. The Order authorized the Internal Revenue Service ("IRS") to enter certain premises and to seize certain assets. The IRS executed the Order on June 21, 2006, and seized an airplane. Doc. 4. No further action is required in this *ex parte* proceeding, and the United States respectfully submits that this case should be closed. The Clerk's Office issued an Order Setting Mandatory Scheduling

1  Conference on June 20, 2006.  However, pursuant to Local Rule 16-
2  240(c)(3), this *ex parte* proceeding for a writ of entry is
3  excepted from the mandatory scheduling order requirement.
4      David J. Edwards and Marcia Doerr have filed various
5  pleadings with the Court purporting to challenge the merits of
6  the seizure.  Docs. 6-12, 14-17.  There is no jurisdiction in
7  this *ex parte* proceeding for Edwards or Doerr to challenge the
8  IRS's seizure.  *See United States v. Kersten*, 155 F.3d 1177, 1178
9  (9th Cir. 1998) (no jurisdiction in writ of entry proceeding to
10 adjudicate motions challenging seizure), *cert. denied*, 526 U.S.
11 1150, 119 S. Ct. 2030 (1999).  In *Kersten*, the Ninth Circuit held
12 that the taxpayer could not challenge the merits of the seizure
13 in the *ex parte* writ of entry proceeding, "because [the district
14 court's] jurisdiction had been invoked by the government merely
15 to authorize an order of entry, not to adjudicate the merits of
16 the assessment upon which the order of entry was granted."  *Id.*
17 The Court of Appeals held that "issuance of an order authorizing
18 entry is to take place in a summary, *ex parte* proceeding and is
19 not to be converted into an adversary proceeding."  *Id.* (quoting
20 *In re Campbell*, 761 F.2d 1181, 1186 (6th Cir. 1985)).
21     Accordingly, the United States respectfully submits that the
22 filings by Edwards and Doerr should be stricken as they are
23 improper in this *ex parte* proceeding, and that this matter should
24 be closed.
25 ///
26 ///
27 ///
28 ///

1 | Dated:  August 31, 2006

2 |                                      Respectfully submitted,

3 | _____    McGREGOR W. SCOTT
    United States Attorney

5 |                               By:  /s/ Kirk E. Sherriff
    KIRK E. SHERRIFF
6 |     Asst. United States Attorney

7 |     Attorneys for the
    United States of America

(lines 8–28 blank)

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| In the Matter of the Tax Indebtedness of: | ) ) ) | No. 1:06-cv-00787 OWW DLB |
| DAVID J. EDWARDS | ) ) | ORDER |
| Ex Parte UNITED STATES OF AMERICA, and DENNIS R. COLLINS, Revenue Officer | ) ) ) ) | |
| Applicants for Order. | ) ) | |

This action was opened on June 20, 2006 when the United States of America filed an Ex Parte Application to Enter Premises to Effect Levy, for the purpose of searching for and seizing certain assets belonging to taxpayer David J. Edwards. On June 20, 2006 the Court issued an Order Authorizing Entry Upon Premises to Effect Levy. The United States filed a Return on June 26, 2006, indicating that on June 21, 2006 the Order was executed and certain assets were levied upon and seized.

On August 4, 10, 28, and 31, 2006, David J. Edwards and Martha J. Doerr filed various pleadings attempting to challenge the seizure. *See* Docs. 6-12, 14-17. These pleadings are procedurally improper in this action. *See United States v. Kersten*, 155 F.3d 1177, 1178 (9th Cir. 1998) (no jurisdiction in writ of entry proceeding to adjudicate motions challenging

1  seizure), *cert. denied*, 526 U.S. 1150, 119 S. Ct. 2030 (1999).
2      IT IS HEREBY ORDERED that the filings by David J. Edwards
3  and Martha J. Doerr are stricken;
4      IT IS FURTHER ORDERED that this case shall be closed.

7  IT IS SO ORDERED.

8  **Dated:   September 22, 2006**          **/s/ Oliver W. Wanger**
   emm0d6                                    UNITED STATES DISTRICT JUDGE

-5-
SUGGESTION TO CLOSE CASE; [PROPOSED] ORDER