IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Tax Indebtedness of:<br><br>DAVID J. EDWARDS<br><br><br>Ex Parte UNITED STATES OF AMERICA, and DENNIS R. COLLINS, Revenue Officer<br><br><br>    Applicants for Order. | No. CV-F-06-787 OWW/DLB<br><br>ORDER DENYING MOTION FOR RECONSIDERATION AND FOR RELIEF FROM JUDGMENT (Docs. 25 & 26) |

On June 20, 2006, the United States filed an ex parte application to enter premises to effect levy, requesting an order authorizing Internal Revenue Service agents to enter the gated premises located at 5025 and 5045 Anderson Avenue, Fresno, California 93727 for the purpose of searching for and seizing an airplane owned by David J. Edwards, to wit a Piper Navajo twin engine, fixed wing aircraft, PA-31-325, serial number 31-8012030,

1

1  registration and tail number N3552X, in satisfaction of
2  outstanding federal tax liens.  The application was supported by
3  the declaration of IRS Revenue Officer Dennis R. Collins.
4      On June 20, 2006, Magistrate Judge Snyder issued an Order
5  Authorizing Entry Upon Premises to Effect Levy, finding upon the
6  showing made by Collins' declaration under penalty of perjury,
7  that there is probable cause to believe (1) David J. Edwards has
8  outstanding federal tax liabilities, (2) the IRS has made notice
9  and demand upon Edwards for such federal tax liabilities, (3)
10 Edwards has neglected or refused to pay such federal tax
11 liabilities, and (4) assets or rights to assets belonging to
12 Edwards and subject to levy and seizure, are located on or within
13 the property the subject of the application. (Doc. 2).
14     On June 26, 2006, the United States filed a Return.  (Doc.
15 4).  The Return attests that Revenue Officer Collins levied upon
16 and seized the airplane on June 21, 2006 at 12:15 p.m. and posted
17 a certified copy of the Order Authorizing Entry Upon Premises to
18 Effect Levy at the last known address of David J. Edwards, 451
19 Burl Avenue, Clovis, CA 93611 and mailed a certified copy of the
20 Order Authorizing Entry Upon Premises to Effect Levy to David J.
21 Edwards, 451 Burl Avenue, Clovis, CA 93611.  On June 27, 2006,
22 the United States filed a Certificate of Service by Mail executed
23 by Eva Carrizales that Ms. Carrizales mailed copies of the ex
24 parte application to enter premises to effect levy and supporting
25 documents and of the Order Authorizing Entry Upon Premises to
26 Effect Levy to David J. Edwards, 451 Burl Avenue, Clovis, CA

2

1  93611.

2     On August 4, 2006, David J. Edwards filed a declaration (Doc. 6), and a "Memorandum of Points and Authorities in Support of Objection to Ex-Parte Application to Enter Premises to Effect Levy" (Doc. 7), and lodged an "Order Rescnding [sic] Seizure of Airplane to Effect Levy" (Doc.8).

On August 10, 2006, a document captioned "<u>Marcia Doerr, Trustee's REFUSAL FOR CAUSE & JUDICIAL NOTICE RESTRICTED APPEARANCE</u>" executed by "Marcia Doerr, Trustee, SIERRA TRUST LAP TRUST, MAL PASO TRUST, SOL TRUST, SCOTT TRUST, TAKE FIVE TRUST, SIERRA CENTRAL CINEMA, Aggrieved Party" (Doc. 9) was filed.  Also filed on August 10, 2006 was an "AFFIDAVIT OF NON-LIABILITY OF FEDERAL INCOME TAX OBLIGATIONS" executed by "Marcia-Ann: Willardson, public minister Also known as Marcia Doerr, Trustee SOL TRUST, LAP TRUST, SIERRA TRUST, TAKE FIVE TRUST, MAL PASO TRUST, and limited partner of SIERRA CENTRAL CINEMA" (Doc. 10). Also filed on August 10, 2006 was a "Motion for Bill of Particulars" filed by "Marcia Doerr, Trustee of SIERRA TRUST, third party intervenor and owner of property seized" by Revenue Officer Collins.  (Doc. 11).  On August 10, 2006, "Marcia Doerr, Trustee of the SIERRA TRUST intervening for the interest of SIERRA TRUST" filed a pleading captioned:

> VERIFIED CLAIM of PROPERTY IN REM SEIZURE ON LAND IN OCCUPIED TERRITORY [Supp. Rule C(6)] BY RESTRICTED APPEARANCE [Supp. Admiralty Rule E(8)] and
>
> NOTICE OF NON-ABANDONMENT

3

(Doc. 12).

On August 18, 2006, the United States filed an "Opposition to Filings by David J. Edwards and Marcia Doerr and Suggestion that Matter Be Closed" (Doc. 13).

On August 28, 2006, David J. Edwards filed a "Memorandum of Points and Authorities in Support of Objection to Ex-Parte Application to Enter Premis [sic] to Effect Levy Amended", (Doc. 14), and his amended declaration, (Doc. 15), and lodged an "Order Rescnding [sic] Seizure of Airplane to Effect Levy Amended" (Doc. 16).

On August 31, 2006, David J. Edwards filed "Defendant's Answer to Opposition Statement by US Attorney" (Doc. 17)

On September 7, 2006, "Marcia Doerr, Trustee of the SIERRA TRUST intervening for the interest of SIERRA TRUST" filed a document captioned:

> VERIFIED CLAIM of Property IN REM SEIZURE ON LAND IN OCCUPIED TERRITORY [Supp.Rule C(b)] BY RESTRICTED APPEARANCE [Supp. Admiralty Rule E(8)] and
>
> NOTICE OF NON-ABANDONMENT

(Doc. 19). Also on September 7, 2006, "Marcia Doerr, Trustee of SIERRA TRUST, third party intervenor and owner of property seized" filed a "Motion for Bill of Particulars". (Doc. 20). "Marcia Doerr, Trustee for SIERRA TRUST, SOL TRUST, MAL PASO TRUST, TAKE FIVE TRUST, SCOTT TRUST, LAP TRUST and limited partner of SIERRA CENTRAL CINEMA" filed on September 7, 2006 a document captioned "Marcia Doerr, Trustee's REFUSAL FOR CAUSE &

4

JUDICIAL NOTICE RESTRICTED APPEARANCE" (Doc. 21).

On September 15, 2006, David J. Edwards filed a "Request for Injunctive Relief and Opposition to Second Request by United States of America and Dennis R. Collins to Deny Hearing and Close Case, Amended" (Doc. 23).

By Order filed on September 26, 2006, the various pleadings filed by David J. Edwards and Marcia Doerr were stricken as being procedurally improper in this action, citing *United States v. Kersten*, 155 F.3d 1177 (9th Cir.1998)("'issuance of an order authorizing entry is to take place in a summary, *ex parte* proceeding and is not to be converted into an adversary proceeding'"), and closing the case (Doc. 24).

On October 23, 2006, David J. Edwards filed a "Motion for Reconsideration and Relief from Judgment, and To Include and Augment the Record", (Doc. 25), and an "Ex Parte Application for Motion for Reconsideration and For Relief from Judgment" (Doc. 26).

The motions for reconsideration are DENIED.

In seeking reconsideration, Edwards asserts, as was asserted in the pleadings described above that were stricken, that the airplane seized by the IRS is not his property but, rather, the property of Marcia Doerr as trustee of Sierra Trust and that Marcia Doerr should have been given notice.  He argues that this matter should be re-opened to present evidence in support of these contentions.

5

Assuming solely for the purposes of this Order that these contentions are true, reconsideration and re-opening to present evidence is not mandated.  Marcia Doerr as trustee of Sierra Trust may have a remedy pursuant to 26 U.S.C. § 7426(a)(1).[1] Such remedy must be pursued by her as a separate civil action and, given Edwards' representations that he does not own the airplane, he would not have standing to participate in an action under Section 7426(a).

Edwards also challenges the jurisdiction of this court and of the United States Attorney

> in accordance with Title 28, Chapter 5, Section 545, wherein the Judge or Magistrate, U.S. Attorney must each reside within the Federal Territory as was originally ascertained in 1789 and later, July 1, 1910, and again on June 1, 1945 pursuant to Sections 81-131 of Title 28, Chapter Five, to be in compliance with the original delineation of the assigned Territories.  the penalties, (a high misdemeanor), against Judges and attorneys for not adhering to this requirement were omitted in Article Six, and because there is no evidence of a record date

---

[1] 26 U.S.C. § 7426(a)(1) provides:

> If a levy has been made on property or property has been sold pursuant to a levy, any person (<u>other than the person against whom is assessed the tax out of which such levy arose</u>) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States.  Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary.

[Emphasis added].

6

> of deletion, it was unlawfully left out, making the original requirement still the holding law. Therefore, the originial mandate still prevails. Accordingly, Defendant holds that because none of the parties as mentioned reside in the Federal Territory as mandated, and they have no jurisdiction in this matter. Since the court is being challenged, this court, because of its own self-interest, cannot determine its own qualifications in the matter, but a complaint of Judicial Misconduct can be filed and adjudicated by the Appellate Court.

This contention is without merit. A district court always has the power to determine whether or not it has jurisdiction to hear a particular matter. 28 U.S.C § 545 provides:

> (a) Each United States attorney shall reside in the district for which he is appointed, except that these officers of the District of Columbia, the Southern District of New York may reside within 20 miles thereof. Each assistant United States attorney shall reside in the district for which he or she is appointed or within 25 miles thereof. The provisions of this subsection shall not apply to any United States attorney or assistant United States attorney appointed for the Northern Mariana Islands who at the same time is serving in the same capacity in another district.
>
> (b) The Attorney General may determine the official stations of United States attorneys and assistant United States attorneys within the districts for which they are appointed.

The statute makes no reference to judges or to federal territories. Furthermore, any failure to comply with Section 545 does not deprive a district of jurisdiction over the matter before it. *Levine v. United States*, 221 F.3d 941 (7th Cir.2000).

ACCORDINGLY, as set forth above:

7

    1.  The "Motion for Reconsideration and Relief from Judgment, and To Include and Augment the Record", (Doc. 25), and the "Ex Parte Application for Motion for Reconsideration and For Relief from Judgment" (Doc. 26) filed by David J. Edwards are DENIED.

IT IS SO ORDERED.

**Dated:   October 30, 2006**          **/s/ Oliver W. Wanger**
668554                                       UNITED STATES DISTRICT JUDGE