1

2

3

4

5

6                 IN THE UNITED STATES DISTRICT COURT FOR THE

7                      EASTERN DISTRICT OF CALIFORNIA

8

9   In the Matter of the Tax        )        No. CV-F-06-787 OWW/DLB
    Indebtedness of:                 )
10                                    )        ORDER DENYING MOTION TO
    DAVID J. EDWARDS                  )        INTERVENE (Doc. 30)
11                                    )
                                      )
12                                    )
    Ex Parte UNITED STATES OF         )
13  AMERICA, and DENNIS R.            )
    COLLINS, Revenue Officer          )
14                                    )
                                      )
15        Applicants for Order.       )
                                      )
16                                    )
                                      )
17                                    )
                                      )
18                                    )
                                      )
19                                    )
                                      )
20  _____)

21       On June 20, 2006, the United States filed an ex parte

22  application to enter premises to effect levy, requesting an order

23  authorizing Internal Revenue Service agents to enter the gated

24  premises located at 5025 and 5045 Anderson Avenue, Fresno,

25  California 93727 for the purpose of searching for and seizing an

26  airplane owned by David J. Edwards, to wit a Piper Navajo twin

                                    1

1  engine, fixed wing aircraft, PA-31-325, serial number 31-8012030,

2  registration and tail number N3552X, in satisfaction of

3  outstanding federal tax liens.  The application was supported by

4  the declaration of IRS Revenue Officer Dennis R. Collins.

5      On June 20, 2006, Magistrate Judge Snyder issued an Order

6  Authorizing Entry Upon Premises to Effect Levy, finding upon the

7  showing made by Collins' declaration under penalty of perjury,

8  that there is probable cause to believe (1) David J. Edwards has

9  outstanding federal tax liabilities, (2) the IRS has made notice

10  and demand upon Edwards for such federal tax liabilities, (3)

11  Edwards has neglected or refused to pay such federal tax

12  liabilities, and (4) assets or rights to assets belonging to

13  Edwards and subject to levy and seizure, are located on or within

14  the property the subject of the application. (Doc. 2).

15      On June 26, 2006, the United States filed a Return.  (Doc.

16  4).  The Return attests that Revenue Officer Collins levied upon

17  and seized the airplane on June 21, 2006 at 12:15 p.m. and posted

18  a certified copy of the Order Authorizing Entry Upon Premises to

19  Effect Levy at the last known address of David J. Edwards, 451

20  Burl Avenue, Clovis, CA 93611 and mailed a certified copy of the

21  Order Authorizing Entry Upon Premises to Effect Levy to David J.

22  Edwards, 451 Burl Avenue, Clovis, CA 93611.  On June 27, 2006,

23  the United States filed a Certificate of Service by Mail executed

24  by Eva Carrizales that Ms. Carrizales mailed copies of the ex

25  parte application to enter premises to effect levy and supporting

26  documents and of the Order Authorizing Entry Upon Premises to

2

1  Effect Levy to David J. Edwards, 451 Burl Avenue, Clovis, CA
2  93611.

3       On August 4, 2006, David J. Edwards filed a declaration
4  (Doc. 6), and a "Memorandum of Points and Authorities in Support
5  of Objection to Ex-Parte Application to Enter Premises to Effect
6  Levy" (Doc. 7), and lodged an "Order Rescnding [sic] Seizure of
7  Airplane to Effect Levy" (Doc.8).

8       On August 10, 2006, a document captioned "<u>Marcia Doerr,</u>
9  <u>Trustee's REFUSAL FOR CAUSE & JUDICIAL NOTICE RESTRICTED</u>
10 <u>APPEARANCE</u>" executed by "Marcia Doerr, Trustee, SIERRA TRUST LAP
11 TRUST, MAL PASO TRUST, SOL TRUST, SCOTT TRUST, TAKE FIVE TRUST,
12 SIERRA CENTRAL CINEMA, Aggrieved Party" (Doc. 9) was filed.  Also
13 filed on August 10, 2006 was an "AFFIDAVIT OF NON-LIABILITY OF
14 FEDERAL INCOME TAX OBLIGATIONS" executed by "Marcia-Ann:
15 Willardson, public minister Also known as Marcia Doerr, Trustee
16 SOL TRUST, LAP TRUST, SIERRA TRUST, TAKE FIVE TRUST, MAL PASO
17 TRUST, and limited partner of SIERRA CENTRAL CINEMA" (Doc. 10).
18 Also filed on August 10, 2006 was a "Motion for Bill of
19 Particulars" filed by "Marcia Doerr, Trustee of SIERRA TRUST,
20 third party intervenor and owner of property seized" by Revenue
21 Officer Collins.  (Doc. 11).  On August 10, 2006, "Marcia Doerr,
22 Trustee of the SIERRA TRUST intervening for the interest of
23 SIERRA TRUST" filed a pleading captioned:

24            VERIFIED CLAIM of PROPERTY IN REM SEIZURE ON
               LAND IN OCCUPIED TERRITORY [Supp. Rule C(6)]
25            BY RESTRICTED APPEARANCE [Supp. Admiralty
               Rule E(8)] and
26

1          NOTICE OF NON-ABANDONMENT

2  (Doc. 12).

3       On August 18, 2006, the United States filed an "Opposition

4  to Filings by David J. Edwards and Marcia Doerr and Suggestion

5  that Matter Be Closed" (Doc. 13).

6       On August 28, 2006, David J. Edwards filed a "Memorandum of

7  Points and Authorities in Support of Objection to Ex-Parte

8  Application to Enter Premis [sic] to Effect Levy Amended", (Doc.

9  14), and his amended declaration, (Doc. 15), and lodged an "Order

10  Rescnding [sic] Seizure of Airplane to Effect Levy Amended" (Doc.

11  16).

12       On August 31, 2006, David J. Edwards filed "Defendant's

13  Answer to Opposition Statement by US Attorney" (Doc. 17)

14       On September 7, 2006, "Marcia Doerr, Trustee of the SIERRA

15  TRUST intervening for the interest of SIERRA TRUST" filed a

16  document captioned:

17            VERIFIED CLAIM of Property IN REM SEIZURE ON
              LAND IN OCCUPIED TERRITORY [Supp.Rule C(b)]
18            BY RESTRICTED APPEARANCE [Supp. Admiralty
              Rule E(8)] and
19
              NOTICE OF NON-ABANDONMENT
20
   (Doc. 19).  Also on September 7, 2006, "Marcia Doerr, Trustee of
21
   SIERRA TRUST, third party intervenor and owner of property
22
   seized" filed a "Motion for Bill of Particulars". (Doc. 20).
23
   "Marcia Doerr, Trustee for SIERRA TRUST, SOL TRUST, MAL PASO
24
   TRUST, TAKE FIVE TRUST, SCOTT TRUST, LAP TRUST and limited
25
   partner of SIERRA CENTRAL CINEMA" filed on September 7, 2006 a
26

                                    4

1  document captioned "Marcia Doerr, Trustee's REFUSAL FOR CAUSE &

2  JUDICIAL NOTICE RESTRICTED APPEARANCE" (Doc. 21).

3        On September 15, 2006, David J. Edwards filed a "Request for

4  Injunctive Relief and Opposition to Second Request by United

5  States of America and Dennis R. Collins to Deny Hearing and Close

6  Case, Amended" (Doc. 23).

7        By Order filed on September 26, 2006, the various pleadings

8  filed by David J. Edwards and Marcia Doerr were stricken as being

9  procedurally improper in this action, citing *United States v.*

10  *Kersten*, 155 F.3d 1177 (9th Cir.1998)("'issuance of an order

11  authorizing entry is to take place in a summary, *ex parte*

12  proceeding and is not to be converted into an adversary

13  proceeding'"), and closing the case (Doc. 24).

14        On October 23, 2006, David J. Edwards filed a "Motion for

15  Reconsideration and Relief from Judgment, and To Include and

16  Augment the Record", (Doc. 25), and an "Ex Parte Application for

17  Motion for Reconsideration and For Relief from Judgment" (Doc.

18  26).

19        By Order filed on October 31, 2006, these motions for

20  reconsideration were denied.  In pertinent part, it was ruled:

21            In seeking reconsideration, Edwards asserts,
            as was asserted in the pleadings described

22            above that were stricken, that the airplane
            seized by the IRS is not his property but,

23            rather, the property of Marcia Doerr as
            trustee of Sierra Trust and that Marcia Doerr

24            should have been given notice.  He argues
            that this matter should be re-opened to

25            present evidence in support of these
            contentions.

26

5

> Assuming solely for the purposes of this
> Order that these contentions are true,
> reconsideration and re-opening to present
> evidence is not mandated.  Marcia Doerr as
> trustee of Sierra Trust may have a remedy
> pursuant to 26 U.S.C. § 7426(a)(1). Such
> remedy must be pursued by her as a separate
> civil action and, given Edwards'
> representations that he does not own the
> airplane, he would not have standing to
> participate in an action under Section
> 7426(a).

On November 20, 2006, Marcia Doerr, Trustee, filed a Notice of Appeal, appealing the rulings in this action to the Ninth Circuit Court of Appeals.  Accompanying the Notice of Appeal is a Motion to Intervene.

The Motion to Intervene is DENIED.  Not only is the motion untimely but, as previously ruled, Doerr's remedy is a separate civil action pursuant to 26 U.S.C. § 7426(a), not intervention in the instant action.

IT IS SO ORDERED.

Dated:    December 5, 2006            /s/ Oliver W. Wanger
668554                       UNITED STATES DISTRICT JUDGE

6